UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| Brent Balkema, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | Cause No. 1:09-CV-1457 RLY-DML |
| | ) | |
| Wachovia Securities, LLC, et. al., | ) | |
| | ) | |
| Defendant(s). | ) | |

_____
NAMED PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT
_____

**STATEMENT OF FACT**

Named Plaintiff's allegations are very simply stated. Named Plaintiff purchased securities issued by Asia Pulp & Paper ("APP") through a brokerage account maintained with a predecessor of Defendants.[1]  Compl. ¶ 21.  As is standard practice in the brokerage industry, those securities were titled in the brokerage firm's "street name", rather than to Named Plaintiff individually.  When securities are held in street name, the issuer of the securities does not have the ability to identify the beneficial owner of the securities; its records reflect only the name of the brokerage firm that holds legal title to the securities. Compl. ¶ 22.

In November, 2005, certain APP securities, including those held by Named Plaintiff, were the subject of a class action settlement.  Compl. ¶ 18.  As one might expect, the practice of registering securities in street name raises certain concerns about an issuer's ability to provide

---

[1] Throughout this memorandum, Named Plaintiff refers to Defendants collectively as "Wachovia".

notice to class members who are the beneficial owner of affected securities.  Generally speaking, when it is necessary to provide the beneficial owner of a security with information related to that security, be it proxy materials or class action notices, the entity responsible for disseminating the information sends the information to the brokerage firm.  Compl. ¶ 24.  The brokerage firm is then responsible for ensuring that the information is given to beneficial owners.  *Id.*  In addition, courts approving securities settlements routinely require that nominee holders either provide beneficial owners with a copy of the notice, or provide the names and addresses of beneficial owners to the entity responsible for sending notice.  This provision was included in the district court's order preliminarily approving the APP settlement.  Compl. ¶ 25.

Named Plaintiff alleges that Wachovia failed to provide the required notice to beneficial owners of APP securities, and that he and class members suffered damages as a result.  Compl. ¶ 26.  Named Plaintiff asserts claims for breach of contract, negligence, and breach of fiduciary duty.  Wachovia is now before this Court seeking dismissal of each of those claims.  As demonstrated below, Wachovia has failed to articulate sufficient grounds for its request.

### ARGUMENT OF LAW

Wachovia attacks each of Named Plaintiff's claims, but fails to assert a colorable basis upon which those claims can be dismissed.  Key to Wachovia's statute of limitations argument is its assertion that publication of the APP class notice triggered accrual of Named Plaintiff's claims.  However, it is readily apparent from a review of applicable case law that publication notice is a significantly inferior method of providing notice of a claim, and cannot therefore trigger the running of the statute of limitations.

Wachovia fares no better with its claim that Named Plaintiff's cause of action for breach of contract should be treated as one for professional negligence.  Acceptance of Wachovia's

assertion that any claim which seeks compensation for injury to a personal property interest is subject to the two year statute of limitations applicable to claims for negligence effectively makes every contract action one for negligence.

Wachovia's attempt to dismiss Named Plaintiff's claims for breach of fiduciary duty and breach of contract also fail. Wachovia asserts that Named Plaintiffs have not pleaded a basis upon which a fiduciary obligation may arise. To the contrary, it is axiomatic that one who holds title to property for the benefit of another is a fiduciary. Moreover, plaintiff has adequately stated a claim for breach of contract in accord with the standards set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009).

### I. STANDARD OF REVIEW

"The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide its merits." *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the complaint first must comply with Fed. R. Civ. P. 8(a)(2) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," such that the defendant is given "fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.

Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level," *E.E.O.C. v. Concentra Health Servs., Inc.,* 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Detailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true, 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (2009) (quoting Twombly, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Iqbal*, 129 S.Ct. at 1949.  *Accord*, *Hecker v. Deere & Co.,* 569 F.3d 708, ___ (7th Cir. 2009).

## II.  NAMED PLAINTIFFS CLAIMS ARE WITHIN THE APPLICABLE LIMITATIONS PERIOD.

Wachovia's argument that Named Plaintiff's claims fall outside the applicable statute of limitations is faulty in two respects.  First, Named Plaintiff's claim for breach of contract is properly subject to the six year limitations period ascribed to contracts not in writing by Ind. Code § 34-11-2-7.  Second, the publication of the APP class notice cannot be said to have started the running of the statute of limitations on Named Plaintiff's claims.

### A. Named Plaintiff's Claim For Breach of Contract Is Subject To A Six Year Statute Of Limitations.

Named Plaintiff alleges that Wachovia's act of titling securities owned by its customers in street name gives rise to an implied contract that requires it to provide those customers with all relevant communications concerning those securities.  Compl. ¶ 23-24, 28.  This is not an uncommon proposition; the Supreme Court has specifically recognized that a contract arises between the nominee and the beneficial owner of the securities.  See *Delaware. v. New York*, 507 U.S. 490, 505 (U.S. 1993), ("[A]n intermediary serving as the record owner of securities is the "debtor" insofar as the intermediary has a contractual duty to transmit distributions to the beneficial owner").  Pursuant to Ind. Code §34-11-2-7, a six year statute of limitation applies to contracts not in writing.

Wachovia asserts that Named Plaintiff's claim for breach of contract is more properly one for professional negligence and therefore the two year statute of limitations found in Ind. Code § 34-11-2-4 controls.  Wachovia reasons that Named Plaintiff fails to identify a promise which requires it to provide communications and other information to beneficial owners, and

4

therefore the duty to do so must arise from the relationship between the parties. This, Wachovia contends, makes the claim one for professional negligence.

Wachovia's argument is faulty in both its premise and its logic. Named Plaintiff clearly pleads that the promise to provide communications and other information to beneficial owners of the securities is an implied term of the agreement by which Wachovia registers securities in street name. Compl. ¶ 23-24, 28.

Moreover, it is difficult to imagine any implied contract that would withstand the argument advanced by Wachovia. Wachovia's reliance on *Whitehouse v. Quinn*, 477 N.E. 2d 270 (Ind. 1985) does not bolster its position. There, the Indiana Supreme Court held that in determining which statute of limitations to apply, a court must inquire into the "nature of the alleged harm." *Id.* In the case before it the plaintiff, suing his attorney for advising him to release a tort claim, sought damages for injury to a personal property interest. The court reasoned that actions which seek damage for personal property are subject to a two year statute.

*Whitehouse* cannot be read to advance the position espoused by Wachovia. In *Lawyers Title Ins. Corp. v. Pokraka*, 595 N.E.2d 244, 247 (Ind. 1992), the Indiana Supreme Court reviewed a claim for breach of an implied contract against a title agency that had failed to timely records a mortgage lien. The court rejected defendant's argument that the breach of contract claim should be treated as a negligence claim simply because the plaintiff sought damages for injury to a personal property interest. Recognizing that virtually every action for breach of contract is one for damage to personal property, the court rejected the exact argument proffered by Wachovia:

> We do not read *Whitehouse* as compelling agreement with the position of Lawyers Title. Unlike actions for attorney malpractice with which we dealt in *Whitehouse*, a specific limitation period of

5

> six years for fraud and for breach of an oral contract is provided by statute. Ind. Code § 34-1-2-1[2]. Were we to accept the reasoning of Lawyers Title here, the portions of Ind. Code § 34-1-2-1 relating to fraud and oral contracts would be unnecessary. Such an application would be tantamount to judicially repealing these six-year statutes of limitations because a recovery on theories of fraud or breach of an oral contract would always involve either personal injury or damage to property. We hold that actions for fraud and for breach of an oral contract are governed by Ind. Code § 34-1-2-1 which provides for a six-year statute of limitations. Therefore, the claim was not barred by the statute of limitations.

*Lawyers Title Ins. Corp. v. Pokraka*, 595 N.E.2d 244, 247 (Ind. 1992).  As the court noted, it is difficult to imagine a contract that would not implicate an interest in personal property if breached.

It is worth noting that the *Lawyers Title* court did not attempt to convert the claim before it into one for professional negligence.  As other courts have noted, not every breach of contract claim against a professional should be treated as a claim for professional negligence.  See, e.g., *INS Investigations Bureau, Inc. v. Lee*, 709 N.E.2d 736, 743-744 (Ind. Ct. App. 1999)("Inasmuch as many services require or allow licensing, the claims arising from improper services are not subject to statutes of limitation for malpractice.").

Finally, any doubt about which limitations period is applicable should be resolved in favor of applying the longer statute.  *Wells v. Stone City Bank*, 691 N.E.2d 1246 (Ind. Ct. App. 1998), trans. denied, 706 N.E.2d 166 (Ind. 1998); *Powers & Sons Constr. Co. v. Healthy E. Chi.*, 919 N.E.2d 137, 143-144 (Ind. Ct. App. 2009).

### B.   Publication of the APP Class Notice Did Not Place Named Plaintiff On Notice of His Claims.

---

[2] This statute was repealed in 1998 and re-codified at Ind. Code §34-11-2-7.

Wachovia makes the somewhat circular argument that Named Plaintiff should have discovered the facts giving rise to his claim when the APP Class Notice was published in the international editions of the Wall Street Journal and the Financial Times. Its argument fails because publication notice is not sufficient to place a reasonable person on notice of potential claims.

In a class action, notice by publication is intended to reach class members who cannot be identified specifically. *In re Mid-Atlantic Toyota Antitrust Litigation*, 585 F. Supp. 1553, 1561 (D. Md. 1984). Notice by publication is universally recognized to be a last resort to satisfy due process when there are no other means of identifying class members. See, e.g., *Schroeder v. City of New York*, 371 U.S. 208 (1962)("[N]otice by publication is a poor and sometimes a hopeless substitute for actual service of notice.").

In its hallmark decision on class notice, the Supreme Court recognized that publication notice is an inferior method by which to inform class members of their rights:

> It would be idle to pretend that publication alone, as prescribed here, is a reliable means of acquainting interested parties of the fact that their rights are before the courts. . . . Chance alone brings to the attention of even a local resident an advertisement in small type inserted in the back pages of a newspaper, and if he makes his home outside the area of the newspaper's normal circulation the odds that the information will never reach him are large indeed. The chance of actual notice is further reduced when, as here, the notice required does not even name those whose attention it is supposed to attract, and does not inform acquaintances who might call it to attention.

*Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 175 (U.S. 1974), citing *Mullane* v. *Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950).

Several courts have held that publication of information related to an underlying claim is insufficient to place a plaintiff on notice of his claim. For example, in *Loudner v. United States,*

108 F. 3d 896, 902 (8th Cir. 1997), the court was faced with a group of plaintiffs who sought to claim the proceeds of a judgment placed in trust by the United States government. The government, among other actions, published notice of a claims deadline in the federal register, and published notices in several newspapers around the country. The court held that the publication notice was insufficient to trigger the statute of limitations.

> We think that notice by publication is insufficient to begin the running of the statute of limitations against a beneficiary who is unaware of the trust's existence, unless there is no reasonable alternative. Because the steps that the government actually took were insufficient to put a reasonably diligent beneficiary on notice of the trust's existence, the plaintiffs' claims are not time-barred.

*Id. at* 902[3]. There was, of course, a reasonable alternative in the instant case – Wachovia could have provided actual notice as it was required to do. Having failed at that, it should not now be permitted to claim that the publication notice intended for those class members who could not receive actual notice began the running of the statute of limitations.

### III. NAMED PLAINTIFF HAS PLEADED SUFFICIENT FACTS TO ESTABLISH THE EXISTENCE OF A FIDUCIARY RELATIONSHIP

---

[3] Other cases in which a form of publication was held insufficient to trigger the statute of limitation include *Bentley v. Ellam*, 764 F. Supp. 322, 325 (M.D. Pa. 1991)(holding that a plaintiff "should not be held on summary judgment to have notice of the permit proceedings through publication in the Pennsylvania Bulletin, which is not a publication of general circulation."); *Johnson v. Multnomah County Dep't of Cmty. Justice*, 344 Ore. 111, 121-122 (Or. 2008)("In the end, defendant's proposal -- that all plaintiffs should be deemed to know all information relating to their claim that has been published in the local media -- involves a leap of faith that we are not prepared to make. The fact that news about some event was available at a particular time does not, by itself, resolve whether a reasonable person would have read or heard that news, much less what a reasonable inquiry based on that news would have uncovered.")

Wachovia argues that Named Plaintiff has failed to state a claim for breach of fiduciary duty because he has not alleged facts upon which a fiduciary relationship may be based. Wachovia discusses at length cases in which courts applying Indiana law have held that a broker does not owe a fiduciary duty to its clients as a matter of law. Overlooked in this analysis is the simple proposition that one who holds title to property for the benefit of another owes a fiduciary duty to the beneficial owner, as a trustee.

> Under Restatement § 440, "where a transfer of property is made to one person and the purchase price is paid by another, a resulting trust arises in favor of the person by whom the purchase price is paid". … A sells stock to B, which places the certificates with C to be held in street name; C is trustee for B. Restatement § 440 Illustration 1.

*In re Iowa R. Co.*, 840 F.2d 535, 544 (7th Cir. Ill. 1988). Named Plaintiff has alleged that Wachovia held his APP instruments in street name. Compl. ¶ 23-25. That is a sufficient factual basis on which to find the existence of a fiduciary relationship.

### IV. NAMED PLAINTIFF HAS ADEQUATELY STATED A CLAIM FOR BREACH OF AN IMPLIED CONTRACT.

Wachovia's issue with Named Plaintiff's contract claim centers on its belief that Named Plaintiff does not "explain what promises Defendants made to him, how those promises were communicated, what he promised in return, or how those promises created an implied contract." Memo. of Defendants at pg. 9. According to Wachovia, these perceived omissions make this case much like *Bissessur v. Indiana University Board of Trustees,* 581 F.3d 599 (7th Cir. 2009), a case brought by a student expelled for poor performance. There, the student claimed that an implied contract existed between the university and him that entitled him to continue his education. His allegation regarding the existence and breach of an implied contract appears to have consisted of nothing more than the following:

9

> Count II: Breach of Implied Contract
>
> 36. An implied contract existed between Bissessur and IU.
>
> 37. IU breached the implied contract that existed between Bissessur and IU.
>
> 38. IU's actions were arbitrary, capricious, and undertaken in bad faith.

*Bissessur,* 581 F.3d at 602.

The instant case is vastly different from that in *Bissessur.* As a matter of law, an implied contract arises out of the acts and conduct of the parties, coupled with a mutual agreement and intent to promise. *Nationwide Ins. Co. v. Heck*, 873 N.E.2d 190, 196 n.1 (Ind. Ct. App. 2004)). An implied contract is equally as binding as an express contract. *McCart v. Chief Exec. Officer in Charge*, 652 N.E.2d 80, 85 (Ind. Ct. App. 1995). As noted above, the Supreme Court has recognized that there is a contractual relationship between the nominee and beneficial owner of stock. *Delaware,* 507 U.S. 490.

In his Complaint, Named Plaintiff cogently explains the grounds upon which the contract was formed, and the nature of the promises made. "By titling securities belonging to Named Plaintiff and Class Members in street name, Wachovia agrees to provide Named Plaintiff and Class Members with all relevant communications pertaining to those securities" Compl. ¶ 28. As for what Named Plaintiff "promised in return", he permitted the brokerage firm to title his securities in street name. "Securities are held in street name as an accommodation to the brokerage firm, in order to allow securities to be easily transferred between parties. By holding the securities in street name, the brokerage firm can avoid delays associated with the transfer of ownership and quickly settle trades." Compl. ¶ 23. These allegations satisfy *Twombly's* requirement that "the complaint itself must

contain sufficient factual detail to describe the parameters of the contract before discovery may commence." *Bissessur*, 581 F.3d at 603.

## CONCLUSION

For all of the reasons stated herein, Named Plaintiff respectfully requests that Wachovia's Motion to Dismiss be denied. To the extent that the Court believes that the allegations of the Complaint are deficient in any respect, Named Plaintiff respectfully requests the opportunity to amend the Complaint.

Dated May 17, 2010   Respectfully submitted,

By:   /sBarbara Quinn Smith
     Barbara Quinn Smith

Barbara Quinn Smith (Ohio Bar 0055328)
(admitted *pro hac vice)* bqsmith@mhclaw.com
**MADDOX HARGETT & CARUSO, P.C.**
9853 Johnnycake Ridge Road, Suite 302
Mentor, OH 44060
Telephone: 440-354-4010
Facsimile: 440-848-8175

Thomas A. Hargett (Indiana Bar 11252-49)
tahargett@mchlaw.com
Thomas K. Caldwell (Indiana Bar 16001-49)
tkcaldwell@mhclaw.com
T. John Kirk (Indiana Bar 27202-29)
kirktjohn@mhclaw.com
**MADDOX HARGETT & CARUSO, P.C.**
10100 Lantern Road
Suite 150
Fishers, IN 46037
Telephone: 317-598-2040
Facsimile: 317-598-2050

## CERTIFICATE OF ELECTRONIC FILING

I hereby certify that on the 17th day of May, 2010, a copy of the foregoing was filed electronically with the Court. Notice of this filing will be sent to all parties registered for

electronic service by operation of the Court's electronic filing system.  The parties may access this filing through the Court's system.

/s/ Barbara Quinn Smith  
Barbara Quinn Smith  
bqsmith@mhclaw.com
